# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0110

═══════════

RAHUL K. NATH, M.D., PETITIONER,

v.

TEXAS CHILDREN'S HOSPITAL AND BAYLOR COLLEGE OF MEDICINE,
RESPONDENTS

═══════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

═══════════════════════════════════

**PER CURIAM**

JUSTICE GUZMAN did not participate in this decision.

This is the second appeal of a $1.4 million sanction, levied to compensate the prevailing parties, Texas Children's Hospital and Baylor College of Medicine, for their attorney's fees in defending against a frivolous suit. In the first appeal, the Hospital and Baylor moved for attorney's fees as a compensatory sanction based on Nath's frivolous claims that the trial court described as frivolous *ab initio*. *Nath v. Tex. Children's Hosp.* (*Nath I*), 446 S.W.3d 355, 364–65, 372 (Tex. 2014); *see also* TEX. CIV. PRAC. & REM. CODE § 10.004(c)(3); TEX. R. CIV. P. 13. We agreed that Nath's pleadings were groundless and sanctionable. *Nath I*, 446 S.W.3d at 371–72. We remanded, however, because the parties had litigated merits issues for nearly a half-decade before the Hospital and Baylor moved for summary judgment, noting that "the degree to which the Hospital and Baylor

caused their attorney's fees is a relevant inquiry." *Id.* at 372. While acknowledging that placing the entire cost of litigation on Nath might be proper, we noted further that a party "cannot arbitrarily shift the entirety of its costs on its adversary simply because it ultimately prevails on a motion for sanctions." *Id*. We remanded for the trial court to reassess its award of attorney's fees.

On remand, the prevailing parties' attorneys submitted affidavits, asserting they did nothing to prolong the suit or unnecessarily increase their fees. The affidavits stated total amounts billed to their clients in defending against Nath's frivolous suit. The trial court found the evidence sufficient and reassessed the same $1.4 million sanction for attorney's fees "pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code and/or Texas Rule of Civil Procedure 13."

Nath argues that the Hospital and Baylor's affidavits are insufficient to prove that the $1.4 million sanction is a reasonable and necessary attorney's fee. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (observing that the party seeking attorney's fees "bears the burden of establishing the fees are reasonable and necessary"). The Hospital and Baylor, however, argue that a different standard of proof applies for attorney's fees awarded as sanctions because the purpose of sanctions is to punish violators and deter misconduct. Because sanctions are intended to punish, the Hospital and Baylor argue they should not be held to the same evidentiary burden as in other fee-shifting cases. *Cf. Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, ___ S.W.3d ___ (Tex. 2019) (clarifying the evidentiary standards for shifting attorney's fees). Indeed, some courts of appeal have not required proof of necessity or reasonableness when assessing attorney's fees as sanctions. *See, e.g.*, *Quick Change Artist, LLC v. Accessories*, No. 05–14–01562–CV, 2017 WL 563340, at *6 (Tex. App.—Dallas Feb. 13, 2017, no pet.) (mem. op.); *Pressley v. Casar*, 567 S.W.3d 28, 61 (Tex.

2

App.—Austin 2016), *rev'd per curiam,* 567 S.W.3d 327 (Tex. 2019); *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 575–76 (Tex. App.—San Antonio 2011, no pet.); *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 816–17 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Olibas v. Gomez*, 242 S.W.3d 527, 535 (Tex. App.—El Paso 2007, pet. denied); *Glass v. Glass*, 826 S.W.2d 683, 688 (Tex. App.—Texarkana 1992, writ denied); *Allied Assocs., Inc. v. INA Cty. Mut. Ins. Cos.*, 803 S.W.2d 799, 799 (Tex. App.—Houston [14th Dist.] 1991, no writ).

This line of authority is premised on a misunderstanding of a per curiam opinion from this Court. In *Brantley v. Etter*, we refused the writ, no reversible error, observing in a brief opinion that a party complaining about an award of attorney's fees as a sanction does not have the right to a jury trial on the amount of the sanction. 677 S.W.2d 503, 504 (Tex. 1984) (per curiam). Rather, we said the amount awarded by the trial court was solely within the court's sound discretion, subject only to its abuse. *Id.* Several years later, an intermediate appellate court cited *Brantley* to support its "belief that proof of attorney's fees expended or the reasonableness thereof is not required when such fees are assessed as sanctions." *Allied Assocs.*, 803 S.W.2d at 799. The line of authority thus developed from this initial misunderstanding regarding the proof necessary to invoke the trial court's discretion.

Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is "no more severe than necessary" to fairly compensate the prevailing party. *PR Invs. & Speciality Retailers, Inc. v. State*, 251 S.W.3d 472, 480 (Tex. 2008) (quoting *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)); *see also Low v. Henry*, 221 S.W.3d 609,

3

620 (Tex. 2007) ("[A] sanction cannot be excessive nor should it be assessed without appropriate guidelines."). "Consequently, when a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016).

Chapter 10 of the Civil Practice and Remedies Code authorizes a court to award sanctions for groundless allegations and other pleadings presented for an improper purpose. TEX. CIV. PRAC. & REM. CODE §§ 10.001-.006. The sanction may include a "directive" from the court, the payment of a "penalty into court," and a payment to the opposing party of "the amount of the reasonable expenses incurred by the other party . . . including reasonable attorney's fees." *Id*. § 10.004(c)(1)-(3). We have recently clarified the legal and evidentiary requirements to establish a reasonable attorney's fee in a fee-shifting situation. *See Rohrmoos*, __ S.W.3d at __. Although this case deals with attorney's fees awarded through a sanctions order, the distinction is immaterial because all fee-shifting situations require reasonableness.

On remand, the Hospital and Baylor attempted to prove the reasonableness of the awarded fees by submitting two additional conclusory affidavits. Although we expressed confidence in *Nath I* that the reasonableness of the sanction might be resolved on the existing record or through additional affidavits, 446 S.W.3d at 372 n.30, the subsequent affidavits here merely reference the fees without substantiating either the reasonable hours worked or the reasonable hourly rate. *See Rohrmoos* S.W.3d at ___ (explaining the applicability of the lodestar analysis for fee-shifting awards). *Rohrmoos* explains the necessity of presenting either billing records or other supporting

4

evidence when seeking to shift attorney's fees to the losing party. *Id.* Conclusory affidavits containing mere generalities about the fees for working on Nath's frivolous claims are legally insufficient to justify the sanction awarded here. *See Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam) (overturning an attorney's fee award when the affidavit supporting the fees "only offer[ed] generalities" and "no evidence accompanied the affidavit"); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763–64 (Tex. 2012) (discussing the insufficiency of attorney's fee evidence that "based [its] time estimates on generalities").

The trial court's judgment awards the Hospital attorney's fees of $726,000 and Baylor attorney's fees of $644,500.16 for their respective defenses to Nath's groundless claims and recites that this amount "fairly compensates [them] with regard to defending against the claims that serve as the basis for this award." The court has thus used its authority under Chapter 10 to shift responsibility for the defendant's reasonable attorney's fees to the plaintiff, Nath, as a penalty for his pursuit of groundless claims. Because the standard for fee-shifting awards in *Rohrmoos* likewise applies to fee-shifting sanctions, we reverse the court of appeals' judgment affirming the sanctions award and, without hearing oral argument, remand the case to the trial court for further proceedings in light of *Rohrmoos*. *See* TEX. R. APP. P. 59.1.

Opinion Delivered: June 21, 2019