**VACATE and AFFIRM and Opinion Filed May 25, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-20-00936-CV

**DIANA CONVENIENCE, LLC, HQ FOOD, INC., HAJAR CONVENIENCE, LLC, SHARK PHONES, LLC, AND AMK CONVENIENCE, LLC,**
**Appellants**
**V.**
**DOLLAR ATM, LLC, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-02331-2019**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Smith

Appellants Diana Convenience, LLC, HQ Food, Inc., Hajar Convenience, LLC, Shark Phones, LLC, and AMK Convenience, LLC appeal from a final judgment awarding appellee Dollar ATM, LLC damages for breach of contract. In two issues, appellants challenge the trial court's January 28, 2020 and July 23, 2020 pre-trial orders imposing discovery sanctions against them. We vacate the portion of the January 28, 2020 motion to compel order awarding $1,050 in attorney's fees and expenses and render appellee take nothing as to the interim award of fees. We

affirm the trial court's July 23, 2020 order imposing death penalty sanctions and otherwise affirm the trial court's judgment.

## Factual and Procedural Background

Appellee brought suit against appellants in July 2019 alleging that appellants breached "Placement Agreements" that appellee and each appellant entered into between 2014 and 2016. The agreements concerned automated teller machine (ATM) placement, installation, maintenance, and cash replenishment services at each of the convenience stores for a term of eighty-four months. The parties were to share the surcharge revenue generated by each ATM. Appellee alleged that appellants breached their agreements by seeking removal of the ATMs, interrupting or unplugging the power supply, covering the slot reader, or installing and using another ATM in their stores prior to the expiration of the agreements' terms.

Appellee sent multiple pre-trial letters urging appellants to respond to discovery requests. Appellee notified appellants that, if they did not respond, appellee would file a motion to compel and seek attorney's fees. Appellants did not respond. On December 30, 2019, appellee filed a motion to compel appellants' discovery responses complaining that appellants had failed to fully respond to interrogatories and requests for disclosure served on November 1, 2019. The interrogatories focused on whether appellants were contending that the representative who signed each Placement Agreement lacked the authority to do so, who such representatives were, and what authority the representatives had within

each store. One interrogatory also asked each appellant how much money it collected each year from the ATM surcharges since the Placement Agreement began.

On January 23, 2020, appellants filed supplemental responses denying that they or any authorized representative signed the Placement Agreements and asserting they had no knowledge of such agreements until appellee filed suit. Appellants answered that the representatives who signed the Placement Agreements had no authority to employ, direct, or discharge appellants' employees and provided the name of the person who they claimed did have authority. Appellants otherwise objected to appellee's interrogatories and its requests for production seeking all documents signed, since 2014, by the representatives who signed the Placement Agreements. Appellants did not provide a list of persons with knowledge of relevant facts and, instead, responded, "Defendant will supplement."

The trial court held a hearing the same day appellants filed their supplemental responses. The trial court granted appellee's motion to compel, including its request to recover its attorney's fees and expenses incurred in preparing and presenting the motion. Appellants were ordered to fully respond to the interrogatories by January 30 and to pay $1,050 in attorney's fees and expenses by February 6, 2020. Trial was set for February 20, 2020.

Appellee again warned appellants that if they continued not to respond, appellee would file a motion for sanctions specifically asking the trial court to find that the agreements were signed by someone with authority to bind each appellant.

Although appellants served second supplemental responses on appellee on February 10, they still failed to fully answer the interrogatories as previously ordered by the court. Appellee moved for sanctions against all defendants seeking an order finding that each of the employees who signed the Placement Agreements had authority to enter the agreement on behalf of their respective employer and prohibiting appellants from opposing appellee's evidence regarding the amount of ATM revenue appellants received during the terms of the agreements. On February 20, 2020, after the parties discussed the discovery issues in chambers, the trial court granted appellants a trial continuance so that they could comply with the outstanding discovery requests. The trial court withheld its ruling on the motion for sanctions.

After another trial setting was continued due to the "Covid lockdown," appellants' counsel filed a motion to withdraw to which appellee objected. Appellants' lead counsel had left the firm representing appellants since the time the trial court had granted appellants' continuance. The trial court denied the firm's motion to withdraw.

A bench trial was ultimately held remotely via Zoom on July 23, 2020. Prior to the parties presenting their cases, the trial court heard and granted appellee's motion for sanctions and ordered the following fact established in the case: "Each agent, employee, owner, or officer of [appellants], who signed the five Placement Agreements had authority to enter into the Placement Agreements on behalf of each [appellant]." The trial court also prohibited appellants from opposing the amount of

ATM revenue they received under the Placement Agreements. The trial court found that appellants had failed to answer appellee's discovery requests regarding whether appellants' employees had authority to enter into the Placement Agreements and failed to produce copies of any checks or other documents signed by the individuals who signed the Placement Agreements. The trial court further found that appellants had "abused the discovery process by resisting discovery."

After appellee presented evidence on its breach of contract claims and appellants rested without presenting evidence, the trial court found in favor of appellee and rendered judgment against appellants. Appellants filed a motion for new trial, which the trial court denied, and this appeal ensued.

### Death Penalty Sanctions

In their first issue, appellants argue that the trial court erred by granting death penalty sanctions against them, which resulted in a declaratory judgment and uncontested damages in violation of appellants' right to due process. Specifically, appellants contend the sanctions precluded them from contesting whether the signatories to the agreements represented appellants and had the authority to bind them. Appellants argue that the failure to respond to the discovery requests was not their fault because their previous trial counsel abandoned them, and they were left without knowledge of conversations held and agreements made between previous counsel and the court. Appellants also urge that we should view the sanctions in

–5–

light of the Covid pandemic and the Texas Supreme Court's orders to show leniency during such unprecedented times.

Appellee first responds that appellants waived their challenge to the trial court's order imposing death penalty sanctions because they failed to object to the trial court's exclusion of their evidence and further failed to raise the complaint in a motion for new trial. Appellee next responds that appellants' conduct of repeated discovery abuse justified the death penalty sanctions.

We disagree with appellee that appellants waived their challenge to the death penalty sanctions. Appellants opposed the motion for sanctions both in writing and at the hearing on the motion thereby by sufficiently presenting to the trial court their objection to death penalty sanctions being ordered against them. *See* TEX. R. APP. P. 33.1(a); *Wright v. State Farm Lloyds*, No. 03-20-00384-CV, 2022 WL 567860, at *2 (Tex. App.—Austin Feb. 25, 2022, no pet.) (mem. op.). In the case appellee cited for support, the parties did not contest the sua sponte sanctions imposed by the trial court under Rule 13 or ask the trial court to reconsider its action. *See Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 450 (Tex. App.—Austin 2004, pet. denied). Here, however, the sanctions were not sua sponte imposed, and they were based on discovery issues litigated by the parties for months. Furthermore, a complaint regarding sanctions is not one of the complaints required to be specifically raised in a motion for new trial in order to preserve error. *See* TEX. R. CIV. P. 324. Therefore, we reject appellee's invitation to waive appellants' complaint.

We review the imposition of discovery sanctions for an abuse of discretion. *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). A trial court abuses its discretion when it acts arbitrarily or without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). After notice and a hearing, a trial court may issue sanctions in response to a party's failure to comply with discovery, such as ordering "that the matters regarding which the order was made or any other designated facts shall be taken to be established," "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence." TEX. RS. CIV. P. 215.2(b)(3), (4); 215.3. However, the trial court's order must be just. TEX. R. CIV. P. 215.2(b).

A sanction is just if (1) there is a direct relationship between the offensive conduct and the sanction imposed and (2) it is not excessive. *TransAm.*, 811 S.W.2d at 917. The sanction must be assessed against the true offender. *Id.* Therefore, the trial court should attempt to determine whether the offensive conduct is attributable to counsel only, the client, or to both, so that a client is not unduly punished by its counsel's conduct. *Id.* Additionally, a sanction should be no more severe than necessary to satisfy its legitimate purpose. *Id.* When an offending party essentially loses the case because of the sanction, it is a death penalty sanction. *Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 572 (Tex. 2018) (per curiam). Death penalty sanctions "cannot be used to adjudicate the merits of a party's claims

–7–

or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *TransAm.*, 811 S.W.2d at 918; *see also Altesse*, 540 S.W.3d at 572. A trial court may presume that a claim or defense lacks merit when a party refuses to produce material evidence, despite the previous imposition of lesser sanctions. *TransAm.*, 811 S.W.2d at 918.

Here, after numerous opportunities to respond to discovery including a continuance granted in lieu of imposing sanctions in February 2020, appellants still failed to fully respond to appellee's discovery requests before trial. While counsel provided many excuses as to why appellants had been unable to respond, such as the change in counsel, the unprecedented challenges of Covid, and not being able to contact his clients for an extended period of time because they were "not from America," appellants' failure to fully answer discovery began many months before a new attorney took over and the Covid pandemic began.

Despite appellants' resistance in answering discovery, appellee was able to take the deposition, by written questions, of the signatory to the Diana Convenience agreement. The signatory testified that he was authorized to sign the agreement on behalf of Diana Convenience and that he signed all the documents and checks for the company. This information, coupled with appellants' refusal to provide discovery that would give appellee an opportunity to depose additional signatories, supports a presumption that appellants' defense lacks merit. Furthermore, the decision by appellants Shark Phones and AMK Convenience to file a no-evidence

motion for summary judgment based on the very evidence that appellee was seeking—who signed the agreement and were they authorized to do so—supports the trial court's finding that appellants had a callous disregard for the rules of discovery. *See TransAm.*, 811 S.W.2d at 918 (sanctions that preclude presentation of the merits should be reserved for those cases in which there is evidence of "a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules").

The sanction directly related to the abusive conduct in that it prohibited appellants from contesting the very information that they refused to provide—whether the signatories had the authority to bind them and how much they received from the agreements. Thus, the sanction was just because it was "directed against the abusive conduct with an eye toward remedying the prejudice caused to the innocent party." *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014) (*Nath 1*).

The sanction was also assessed against the proper offender. Appellants' behavior in not communicating with counsel in the months leading up to trial contributed to counsel's inability to gather the appropriate discovery responses and documents and, thus, the clients played an active role in the offensive conduct.

This is not a case in which the trial court did not consider and analyze the availability of less stringent sanctions and whether such lesser sanctions would promote compliance. *See, e.g., Shops at Legacy (Inland), Ltd. P'ship v. Fine*

*Autographs & Memorabilia Retail Stores Inc.*, 418 S.W.3d 229, 234–35 (Tex. App.—Dallas 2013, no pet.). The trial court imposed lesser sanctions in the form of ordering appellants to pay appellee's expenses and attorney's fees when appellants first failed to timely comply with discovery. Then, the trial court withheld its ruling on appellee's motion for death penalty sanctions and granted appellants a continuance on the day of trial because they still had not fully responded to discovery. Five months later, and after appellants failed to fully provide the discovery as ordered, the trial court granted appellee's motion for death penalty sanctions. We cannot say that the trial court abused its discretion in doing so under the facts of this case. No further monetary sanctions or further extensions of time would have promoted compliance with the discovery rules. *See Cire v. Cummings*, 134 S.W.3d 835, 841–42 (Tex. 2004). We overrule appellants' first issue.

**Interim Award of Attorney's Fees**

In their second issue, appellants argue that the trial court reversibly erred when it awarded attorney's fees after granting appellee's motion to compel because the award was not supported by legally sufficient evidence. Appellee responds that appellants lack standing to complain about the attorney's fee sanction from the January 2020 order because they have not shown that they paid the sanction or are expected to pay it. Appellee contends that the fees were paid by a personal check from appellants' prior counsel but concedes that the record does not reflect this information.

We have found no evidence in the record that shows the interim attorney's fee award was paid or by whom it was paid. But the trial court ordered *appellants* to "[p]ay [appellee's] attorney's fees and expenses incurred in the amount of $1,050 from drafting, filing, setting, and appearing for the hearing on Plaintiff's Motion to Compel by February 6, 2020." Therefore, appellants may challenge the order entered against them.

"Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is 'no more severe than necessary' to fairly compensate the prevailing party." *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709 (Tex. 2019) (per curiam) (*Nath II*). Rule 215 specifically incorporates a reasonableness determination in awarding attorney's fees in connection with a motion to compel. If a party's motion to compel is granted, the trial court shall award the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order. TEX. R. CIV. P. 215.1(d). "In determining the amount of reasonable expenses, including attorney fees, to be awarded in connection with a motion, the trial court shall award expenses which are reasonable in relation to the amount of work reasonably expended in obtaining an order compelling compliance." *Id.* Therefore, when a party seeks attorney's fees as sanctions, the party must put forth evidence of the fees it incurred. *Nath II*, 576 S.W.3d at 709. Such evidence

must meet the legal and evidentiary requirements established in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019). *Id.*

The motion to compel alleges that appellee "has incurred expenses in preparing and filing this motion" and that appellee "is entitled to reasonable expenses incurred in obtaining the order, including attorney's fees." However, appellee offered no evidence, either attached to its motion or at the hearing, regarding the reasonable amount of attorney's fees incurred. As a result, the evidence is legally insufficient to support the $1,050 award of attorney's fees. *See Rohrmoos*, 578 S.W.3d at 497, 501–02. Because appellee failed to present any evidence of reasonable expenses or attorney's fees incurred, a remand for a redetermination of reasonable expenses and fees would be inappropriate. *See Skeels v. Suder*, No. 02-18-00112-CV, 2021 WL 4785782, at *13–14 (Tex. App.—Fort Worth Oct. 14, 2021, pet. filed) (mem. op. upon further reh'g). We sustain appellants' second issue.

## Conclusion

Having sustained appellants' second issue, we vacate the portion of the January 28, 2020 motion to compel order awarding $1,050 in attorney's fees and expenses and render appellee take nothing as to the interim award of fees.  We affirm the trial court's July 23, 2020 order imposing death penalty sanctions and otherwise affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

200936F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DIANA CONVENIENCE, LLC, HQ
FOOD, INC., HAJAR
CONVENIENCE, LLC, SHARK
PHONES, LLC, AND AMK
CONVENIENCE, LLC, Appellants

No. 05-20-00936-CV    V.

DOLLAR ATM, LLC, Appellee

On Appeal from the County Court at
Law No. 4, Collin County, Texas
Trial Court Cause No. 004-02331-
2019.
Opinion delivered by Justice Smith.
Justices Carlyle and Garcia
participating.

In accordance with this Court's opinion of this date, we **VACATE** the portion of the trial court's January 28, 2020 motion to compel order awarding $1,050 in attorney's fees and expenses and **RENDER** appellee DOLLAR ATM, LLC take nothing as to the interim award of fees. We **AFFIRM** the trial court's July 23, 2020 order imposing death penalty sanctions and otherwise **AFFIRM** the trial court's judgment.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 25th day of May 2022.