

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00020-CV

**WHATABURGER RESTAURANTS LLC** and Crystal Krueger,
Appellants

v.

Sadok **FERCHICHI** and Martina Coronado,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI15548
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:   Liza A. Rodriguez, Justice

Sitting:      Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: December 28, 2022

REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART

Whataburger Restaurants LLC and Crystal Krueger challenge on appeal the trial court's denial of their motion, pursuant to the Texas Citizens Participation Act ("TCPA"), to dismiss the motion for monetary sanctions filed against them. According to Whataburger and Krueger, the appellees' motion for monetary sanctions is a legal action filed in response to their right to petition. We reverse the trial court's order.

**BACKGROUND**

On May 24, 2019, Sadok Ferchichi was driving a vehicle in which Martina Coronado was a passenger when his vehicle was hit from behind by a vehicle driven by Crystal Krueger. At the time of the collision, Krueger was driving in the course and scope of her employment with Whataburger and was a permissive user of the company-owned vehicle. On August 18, 2020, Ferchichi and Coronado sued Whataburger and Kreuger for personal injuries sustained in the accident. Ferchichi and Coronado alleged claims of negligence, negligence per se, and gross negligence against Krueger. They also alleged that Whataburger was responsible for Kreuger's actions under the theory of respondeat superior. Further, they alleged direct negligence claims against Whataburger for negligent hiring, training, supervising, and retaining Krueger as an employee. They alleged that Whataburger was negligent in entrusting the company vehicle to Krueger, failing to properly maintain the company vehicle, failing to adequately inspect the company vehicle, and failing to have adequate safety programs for its employees. They further alleged the negligent actions by Whataburger constituted gross negligence. Whataburger and Krueger answered the lawsuit, and discovery proceeded in the case.

On November 19, 2021, the parties attended mediation. According to Ferchichi and Coronado, during the mediation, the mediator revealed to them that Whataburger and Krueger had disclosed "they had an investigative video of [Ferchichi and Coronado] that had not been produced" in discovery. That same day, believing such a video should have been produced in discovery, Ferchichi and Coronado filed a "Motion to Compel Defendants' Discovery Responses and for Sanctions" and set the motion for a hearing five days later. Two days before the hearing, on November 23, 2021, Whataburger and Krueger filed a "Motion to Dismiss Plaintiffs' Motion for Monetary Sanctions Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code." That same day, Whataburger and Krueger's counsel sent a letter to Ferchichi and Coronado's

counsel, stating that "per [their] agreement this afternoon, Defendants [Whataburger and Krueger] will preserve [their] attorney work product prepared for the mediation on Friday, November 19th, which was the basis for Plaintiffs' Motion to Compel and For Sanctions." Whataburger and Krueger's counsel further stated in the letter that "[i]n consideration for [Ferchichi and Coronado's counsel] dropping the hearing set for tomorrow, below is a link to Defendant's Exhibits 7.1-7.13, which is the raw data on which the attorney work product was based." "This will serve as Defendant's Supplemental Response to Plaintiff's Request for Production." The letter included a link to a dropbox where the video could be viewed.

On December 16, 2021, the trial court held a hearing on Whataburger and Krueger's TCPA motion to dismiss Ferchichi and Coronado's motion for sanctions. On January 4, 2021, the trial court denied Whataburger and Krueger's motion to dismiss. Whataburger and Krueger then filed this interlocutory appeal, arguing the trial court erred in failing to dismiss Ferchichi and Coronado's motion for sanctions pursuant to the TCPA.

## DISCUSSION

The TCPA's stated purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. In an aim to fulfill this purpose, the TCPA provides for dismissal of a "legal action" "if the moving party demonstrates that the legal action is based on or is in response to" (1) the party's exercise of the right of free speech, the right to petition, or the right of association; or (2) an act of a party described by section 27.010(b), unless "the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id*. §§ 27.003(a), 27.005(b)-(c), 27.010(b). If the moving party meets its burden of demonstrating the TCPA applies

and the party bringing the legal action responds by establishing a prima facie case, the trial court will still dismiss the legal action "if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id*. § 27.005(d).

We review issues regarding interpretation of the TCPA de novo. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). We review a trial court's denial of a TCPA motion to dismiss de novo. *Youngblood v. Zaccaria*, 608 S.W.3d 134, 137 (Tex. App.—San Antonio 2020, pet. denied). In determining whether the parties have met their respective burdens, the trial court "consider[s] the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). In emphasizing that a reviewing court must consider the pleadings, the supreme court has observed that "the plaintiff's petition . . . is the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (citation omitted). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Id*. "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id*. Finally, in reviewing a ruling on a TCPA motion, we view the pleadings and evidence in the light most favorable to the nonmovant. *Youngblood*, 608 S.W.3d at 137.

### A. Was the motion for sanctions a "legal action" that was based on or was in response to Whataburger and Krueger's right to petition?

Under the TCPA three-part analysis, we must first consider whether Whataburger and Krueger demonstrated that Ferchichi and Coronado's motion for sanctions was based on or was in response to Whataburger and Krueger's exercise of one of the rights set forth in section 27.005(b), including as relevant here, the right to petition. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b);

*KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 654 (Tex. App.—San Antonio 2021, no pet.).

The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6). "The term does not include: (A) a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief; (B) alternative dispute resolution proceedings; or (C) post-judgment enforcement actions." *Id*. Last year, this court explained that "a judicial filing that requests monetary relief, other than a filing in an alternative dispute resolution proceeding or a post-judgment enforcement action, is a 'legal action' within the meaning of section 27.001(6)." *KB Home*, 629 S.W.3d at 656. Here, Ferchichi and Coronado's motion for sanctions sought monetary relief (and was not filed in an alternative dispute resolution proceeding or a post-judgment enforcement action). Accordingly, we conclude the motion for sanctions is a "legal action" within the meaning of section 27.001(6).

We must next consider whether Whataburger and Krueger demonstrated that the motion for sanctions was based on or was in response to their exercise of the right to petition. "Exercise of the right to petition" means, in relevant part, "a communication in or pertaining to . . . a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i). "Communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1). In considering whether a legal action is based on or is in response to a party's exercise of one the TCPA's protected rights, "Texas courts . . . have stated that the TCPA's required nexus is satisfied at a minimum for legal actions that 'are factually predicated on' allegations of conduct that fall within one of the TCPA's protected rights." *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 276 (Tex. App.—Tyler 2021,

pet. denied); *see Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied); *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 879 (Tex. App.—Austin 2018, pet. denied). "A plaintiff's claims are 'in response to' a protected activity when they react to or are asserted subsequently to the communication." *Baylor*, 633 S.W.3d at 276 (quoting *Grant*, 556 S.W.3d at 880).

Here, the motion for sanctions filed by Ferchichi and Coronado was filed on the same day as the mediation. The motion for sanctions referred to the mediation, stating that the parties had attempted to mediate the dispute when Whataburger and Krueger's counsel represented during the mediation "that he had important evidence that he believed would change how Plaintiffs and their counsel were valuing this case." The motion stated that Whataburger and Krueger's counsel said "he would 'show' the evidence only if Plaintiffs and their counsel would agree to reconvene in a joint session with defense counsel and representatives of the Defendants and their insurers, ostensibly so that [the defense] team could see how Plaintiffs would react to the evidence." According to the motion, "[w]hen Plaintiffs and their counsel refused to be manipulated in this manner, defense counsel declined to show Plaintiffs the important evidence." The motion then requested the trial court to compel the evidence referred by defense counsel during the mediation and requested monetary sanctions in the form of "reasonable attorneys' fees for having to file this motion and attend a hearing." No other basis for monetary sanctions was referred to in the motion. We conclude Whataburger and Krueger have demonstrated the motion for sanctions was filed in response to a communication made by Whataburger and Krueger's counsel during a judicial proceeding—that is, in response to Whataburger and Krueger's exercise of their right to petition. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i) (defining exercise of the right to petition to include a communication in or pertaining to a judicial proceeding), § 27.001(1) (defining communication as the making of a statement in any form or medium, including oral); *Baylor*, 633

S.W.3d at 276 (explaining a plaintiff's claims are in response to a protected activity "when they react to or are asserted subsequently to the communication").

Finally, we note that Ferchichi and Coronado argue the trial court properly denied Whataburger and Krueger's motion to dismiss pursuant to the TCPA because the matter was moot. They argue that at the time of the hearing on the TCPA motion to dismiss, "the parties had already entered into a Rule 11 Agreement whereby [Whataburger and Krueger] produced [the] disputed discovery covered by the motion to compel and [Ferchichi and Coronado] agreed to drop a hearing on the Motion to Compel and Request for Sanctions." However, "dropping a hearing" does not equate to withdrawing the underlying motion. *See Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 883 n.7 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Therefore, the matter was not moot.

### B. Did Ferchichi and Coronado Establish a Prime Facie Case to Support the Motion for Sanctions?

Under the second part of the TCPA analysis, we consider whether the nonmovant has established by clear and specific evidence a prima facie case for each essential element of the claim in question. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). "Neither the TCPA nor common law define 'clear and specific evidence.'" *KB Home*, 629 S.W.3d at 658 (citation omitted). "Clear" and "specific" "mean, for the former, 'unambiguous,' 'sure,' or 'free from doubt' and, for the latter, 'explicit' or 'relating to a particular named thing.'" *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). Clear and specific evidence requires "enough detail to show the factual basis" of the claim, but it does not: (1) "impose an elevated evidentiary standard," (2) "categorically reject circumstantial evidence," or (3) "impose a higher burden of proof than that required of the plaintiff at trial." *Id*. at 591. A prima facie case "'refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted.'" *KB Home*, 629 S.W.3d at 658 (quoting *In re*

*Lipsky*, 460 S.W.3d at 590). "It is the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id*. (quoting *In re Lipsky*, 460 S.W.3d at 590).

Texas Rule of Civil Procedure 215.2(b)(8) "permits a trial court to sanction a party who fails to comply with proper discovery requests by requiring the disobedient party and the attorney advising him to pay reasonable expenses, including attorney's fees." *Collins v. Williams*, No. 04-14-00491-CV, 2015 WL 2124766, at \*3 (Tex. App.—San Antonio May 6, 2015, pet. denied). "Any sanction imposed by a trial court must be 'just,' and the Texas Supreme Court has identified two factors that 'mark the bounds of a "just" sanction.'" *Id*. at \*2 (citing *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012)). "First, a direct relationship between the offensive conduct and the sanction imposed must exist." *Paradigm Oil*, 372 S.W.3d at 184. "Second, the sanction imposed must not be excessive." *Id*. "The most extreme sanctions are also limited by due process considerations." *Id*.

Ferchichi and Coronado argue that the evidence they attached to their response shows a prima facie case that Whataburger and Krueger abused the discovery rules by refusing to answer discovery completely and failed to supplement responses timely. In contrast, Whataburger and Krueger argue that Ferchichi and Coronado have failed to establish a prima facie case for sanctions because they failed to present any evidence regarding attorney's fees. As noted, the motion for sanctions requested monetary sanctions in the form of attorney's fees "for the need to bring this motion." No evidence in support of attorney's fees was attached to either Ferchichi and Coronado's motion for sanctions or to their response to Whataburger and Kruger's TCPA motion to dismiss.

The supreme court has explained that "[b]efore a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is 'no more severe than necessary' to fairly compensate the prevailing party." *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709 (Tex. 2019)

(quoting *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)). "Consequently, when a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *Id*. (quoting *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016)). As Ferchichi and Coronado failed to attach any affirmative evidence of the reasonableness of the attorney's fees incurred or how those fees resulted from or were caused by the alleged sanctionable conduct, we hold they failed to establish by clear and specific evidence a prima facie case for each essential element of their claim for discovery sanctions. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c).

## CONCLUSION

Under the first part of the TCPA analysis, we conclude that the motion for sanctions brought by Ferchichi and Coronado was a legal action within the meaning of section 27.001(6) and that Whataburger and Krueger demonstrated the motion for sanctions was filed in response to Whataburger and Krueger's exercise of their right to petition. Therefore, the burden shifted to Ferchichi and Coronado to establish by clear and specific evidence a prima facie case for each essential element of their motion for sanctions. However, because they failed to attach or otherwise submit any affirmative evidence of the reasonableness of the attorney's fees incurred or how those fees resulted from or were caused by the alleged sanctionable conduct, they failed to establish a prima facie case. Therefore, the trial court erred in denying Whataburger and Krueger's motion to dismiss pursuant to the TCPA. Accordingly, we reverse the trial court's order and render that (1) Whataburger and Krueger's motion to dismiss pursuant to the TCPA is granted, and (2) Ferchichi and Coronado's motion for sanctions is dismissed.

Further, the TCPA provides that a party who prevails on a motion to dismiss shall be awarded costs and reasonable attorney's fees and may be awarded sanctions. *See* TEX. CIV. PRAC.

& REM. CODE § 27.009(a). Because the trial court has not had the opportunity to consider these awards, we remand so that it may do so. *See Bitgood v. Harkness*, No. 09-21-00076-CV, 2022 WL 1177275, at *6 (Tex. App.—Beaumont Apr. 21, 2022, no pet.).

Liza A. Rodriguez, Justice