

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00356-CV

---

Genevieve Glasgow, Appellant

v.

Stephen Edward Glasgow, Appellee

---

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-24-004400

---

## MEMORANDUM OPINION[1]

Genevieve Glasgow appeals from a sanctions order entered against her and in favor of

Stephen Edward Glasgow, her former spouse. Because the trial court's award of fees is not

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

supported by sufficient evidence, we reverse the portion of the order awarding attorney's fees, affirm the remainder of the order, and remand the cause to the trial court only for the issue of attorney's fees.

## I. BACKGROUND

Genevieve and Stephen Glasgow were previously married. On December 12, 2022, the trial court signed a final decree of divorce dissolving their marriage. Less than a month later, Erick Boyle, who disclosed that he had begun a dating relationship with Genevieve during 2020, initiated a tort lawsuit against Genevieve's former husband, Stephen, against Genevieve's father, and against Boyle's former girlfriend, alleging defendants had made demonstrably false statements during the Glasgow divorce proceeding.

On May 17, 2023, Genevieve joined Boyle's suit alleging her own claims of breach of agreement, invasion of privacy, intentional infliction of emotional distress, and participatory liability in a civil conspiracy against the same three defendants. Genevieve later amended her petition, adding claims against her sister.

Stephen next sent a letter to Genevieve demanding she withdraw her claims. He asserted her claims were barred by release and res judicata pursuant to a Settlement Agreement they entered in connection with their divorce decree. He also alleged that Genevieve's claims were groundless, filed in bad faith, and filed for the purpose of harassing Stephen. Genevieve responded by amending her petition, adding causes of action against Stephen for conversion and civil liability under the Texas Theft Liability Act (TTLA). In support of her newer claims, Genevieve alleged that Stephen had refused to return to her a cell phone she owned that one their minor children routinely used.

Stephen filed a traditional and no-evidence summary judgment motion seeking to dismiss Genevieve's claims on the grounds of release and res judicata. He asserted that the settlement agreement contained in the parties' final divorce decree had a preclusive effect on her claims. Additionally, he asserted that there was no evidence to support Genevieve's claims for theft and conversion. After holding a hearing, the trial court granted Stephen's motion for summary judgment dismissing Genevieve's claims for breach of agreement, conversion, and violations of the TTLA brought against Stepehen. Additionally, because Stephen had prevailed through dismissal of Genevieve's TTLA claims, the trial court awarded Stephen reasonable costs and fees in the amount of $20,104.69, as against Genevieve.

Stephen then served discovery requests upon Genevieve concerning the remaining claims of invasion of privacy, intentional infliction of emotional distress, and participatory liability in conspiracy. Afterwards he moved to compel Genevieve to produce initial disclosures, written responses to outstanding requests for production and interrogatories, and corresponding production. Stephen additionally requested the trial court overrule Genevieve's objections to his discovery requests. Stephen requested the trial court award him attorney's fees in connection with the motion to compel.

After a hearing, the trial court granted Stephen's motion. The written order noted that neither Genevieve nor her counsel appeared for the hearing despite proper notice.[2] The order overruled Genevieve's objections and compelled Genevieve to complete discovery responses and production by a certain date. The trial court also awarded Stephen $12,934.50 in reasonable attorney's fees as a discovery sanction against Genevieve. The order also warned Genevieve that

---

[2] Prior to the hearing, attorney C. Davis Chapman appeared in the case for Genevieve and filed a notice of substitution of counsel. Genevieve was already being represented by attorneys Brandon Roy and Christopher "Gus" Gabel. Roy and Gabel never filed a motion to withdraw. Still, none of the three attorneys appeared at the motion to compel hearing.

failure to comply with its terms would subject her to additional sanctions, "including without limitation the dismissal with prejudice of her remaining claims" against Stephen.

When Genevieve did not respond to discovery, Stephen filed a motion for sanctions. He moved for sanctions against Genevieve for failing to comply with the discovery order and sanctions against her and her counsel for prosecuting groundless claims in bad faith and for the purposes of harassment. The motion was set for a hearing, and, on the date of the hearing, Genevieve filed a response requesting the trial court reconsider its prior ruling because her absence was accidental. She further requested additional time to respond to discovery and for the trial court to deny the request for sanctions. The trial court held an evidentiary hearing on the motion for sanctions.

Following the hearing, the trial court granted the motion for sanctions concluding Genevieve's pursuit of groundless claims was sanctionable and that Stephen incurred fees in the amount of $81,065.81 directly related to the groundless claims. The trial court also found that Genevieve engaged in discovery abuse and ignored a prior order of the court. It concluded that lesser sanctions would not remedy the prejudice to Stephen and that dismissal with prejudice of her claims was just and warranted. As a result, the trial court dismissed with prejudice all remaining claims brought by Genevieve against Stephen. It further awarded monetary sanctions in favor of Stephen in the amount of $81,065.81, and against Genevieve and her attorneys, Gabel and Roy, for the "now-dismissed Original Claims," and ordered the three would be jointly and severally liable for the award. The trial court awarded the additional amount of $57,349.07 as a monetary sanction against Genevieve and her attorneys, Gabel and Roy, for their pursuit of remaining claims and failure to comply with the court's discovery order. Finally, the trial court awarded Stephen conditional appellate attorney's fees in the amount of $50,000, if Stephen successfully defends an

4

appeal to the Court of Appeals; and $50,000 if Genevieve appeals to the Texas Supreme Court, review is granted, and Stephen prevails.

Genevieve now appeals.[3] Genevieve presents four issues on appeal. In her first two issues, she asserts the evidence was legally insufficient to support the trial court's award of attorney's fees and conditional appellate attorney's fees. Third, she asserts the trial court should not have levied death penalty sanctions against her. Finally, she asserts the monetary sanctions should have been directed to counsel only and not her individually.

## II. ATTORNEY'S FEES

Genevieve's first and second issues both challenge aspects of the award of attorney's fees. In her first issue, Genevieve asserts there was insufficient evidence to support the award of attorney's fees because none of the evidence satisfied the threshold elements for determining the number of reasonable hours worked.[4]

We review for abuse of discretion a trial court's judgment awarding attorney's fees. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 850 (Tex. 2018). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or if its ruling is not supported by legally or factually sufficient evidence. *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding). An award of attorney's fees must be supported by evidence that the fees are reasonable and necessary. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019) ("When fee-shifting is authorized, whether by

---

[3] The trial court granted Stephen's motion to sever the dismissed claims against him brought by Genevieve and entered a final judgment on the severed claims.

[4] Stephen contends this issue is waived because Genevieve did not object to the reasonableness and sufficiency of the evidence presented to the trial court. Because the failure to provide sufficient evidence establishing a party's entitlement to attorney's fees may be raised for the first time on appeal, we reject this assertion. *Shaw v. Am. Bank of Commerce*, No. 07-22-00067-CV, 2023 WL 2933337, at *2 (Tex. App.—Amarillo Apr. 13, 2023, no pet.) (mem. op.) (citing *M. D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000)).

statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees."). *Rohrmoos* established that the lodestar analysis is to be applied in any situation in which an objective calculation of reasonable work times a reasonable rate can be employed. *Id.* at 497–98.

"Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 498. This base lodestar figure constitutes a presumptively reasonable and necessary fee for prosecuting or defending the prevailing party's claim through the litigation process. *Id.* at 498–502. Although billing records are not required to meet these requirements, such records "are *strongly* encouraged to prove the reasonableness and necessity of requested fees when those elements are contested." *Id.* at 502. Conclusory affidavits containing mere generalities about the fees for work are legally insufficient to justify an award of attorney's fees. *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709–710 (Tex. 2019); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763-64 (Tex. 2012) (discussing the insufficiency of attorney's fee evidence that "based [its] time estimates on generalities"). The standard for fee-shifting awards as outlined in *Rohrmoos* applies equally to fee-shifting sanctions. *Nath*, 576 S.W.3d at 709–10.

The evidence to support the award of attorney's fees was introduced through three different sworn declarations by Stephen's counsel, Kevin Brown. Brown's first declaration attested that he had been licensed to practice law in Texas since 2004, and in New York since 1999. He detailed that he primarily practiced commercial litigation and was familiar with rates charged for legal services in civil disputes in Texas. Brown testified that Rich Gilliland is an associate with his firm who had been licensed to practice law since 2022 and performed legal services in connection with

6

the present motion. Brown explained the legal services provided included but were not limited to: "(1) consultation and correspondence with the client; (2) researching applicable law; (3) researching, preparing, and filing [Stephen's] supplemental answer, affirmative defenses; (4) correspondence with opposing counsel; and (5) researching, drafting, and filing the motion." He testified that he was the primary attorney on Stephen's case and he was familiar with the work done on the case. Brown stated his hourly wage is $615 per hour, Gilliland's hourly rate was $345 per hour, and that he estimated the cumulative total hours spent on defending against Genevieve's theft claims was 40.3 hours which totaled $15,217.50. He explained that he had not yet supplemented the fees and expenses incurred prior to and during the hearing on the motion. He attested that he believed the rates and time spent was reasonable. Stephen later amended his motion for summary judgment and attached the supplemental declaration of Brown. There, Brown attested that the additional time spent prior to and during the hearing was 2.91 hours by him, 3.15 hours by the associate attorney, and 1.85 hours by the paralegal totaling an additional $4,887.19.

The second sworn declaration was attached to Stephen's motion to compel. The declaration listed the same credentials and belief that the requested fees were reasonable. Brown again testified that his hourly rate was $615 an hour, Gilliland's rate was $345 an hour, and that the cumulative total hours spent on the motion was 24.5 hours totaling $9,244.50. Brown explained that the amount included time spent communicating with Genevieve's counsel, researching and drafting the motion for sanctions and the present declaration, and an estimated time required to prepare for and attend the hearing on the motion. He further testified that the total time needed to prepare for and attend the hearing was six hours, totaling $3,690.

The third sworn declaration, attached to Stephen's motion for sanctions, contained the same information as the previous two declarations. Additionally, Brown stated his hourly fee increased

7

to $670, Gilliland's hourly fee increased to $380, and his paralegal's rate increased from $255 an hour to $280 an hour. He further stated there was minimal time incurred by another partner, another associate, and a researcher whose rates were $510/hour, $365/hour, and $375/hour. Brown testified that they had spent a total of 302.10 hours on the case, totaling $125,814.50, and incurred another $2,100.05 in expenses. Further, Brown stated the firm incurred $20,217 responding to requests for production from Boyle. Therefore, Brown stated the total amount of attorney's fees in connection to this matter totaled $148,131.55, before finalizing the motion for sanctions. He stated these fees included the previously awarded amounts in the order granting summary judgment and order granting the motion to compel, which after deducted, the total was $115,092.36. Brown stated that exhibits attached to the motion contained summaries of the breakdown of the fees. The attached exhibits were composed of numerous pages of an excel spreadsheet providing an "invoice date," the initials of Brown, Gilliland, and other firm employees, and the employees' hourly rates. The sheet then had a column totaling the hours worked by the employee on the invoice date and another column totaling the charge for the date.

Genevieve asserts the information contained in the declarations was insufficient to support an award of attorney's fees under the *Rohrmoos* standard. In response, Stephen contends that, because Genevieve did not file any counter-affidavit challenging the fees or otherwise challenge the evidence presented in Brown's declarations, there is no fact issue concerning the reasonableness of attorney's fees. We disagree. Even in instances when a party's evidence of attorney's fees is uncontroverted, the evidence must still be *sufficient* uncontroverted evidence. *Nath*, 576 S.W.3d at 709–10; *see also QJD Peking Duck Rest., Inc. v. TCP Spectrum Partners, Ltd.*, No. 01-22-00545-CV, 2023 WL 5436907, at *4 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, no pet.) (mem. op.) (finding the trial court did not abuse its discretion by awarding trial

8

attorney's fees when party requesting fees presented evidence meeting the *Rohrmoos* standard and the evidence was uncontroverted). Accordingly, the fact that Genevieve did not present evidence challenging Brown's declarations does not render the amount awarded reasonable.

On review of the declarations and supporting exhibits, Brown provided evidence that his own hourly rate was reasonable based on his experience, the hourly rate of his associate and paralegal were reasonable, and stated the total amount of hours spent on the case. However, no billing records were presented as evidence. Although billing records are not necessarily required, at a minimum, evidence must be presented regarding the particular services performed, who performed the services, when the services were performed, and the reasonable amount of time required to perform the services. *Rohrmoos*, 578 S.W.3d at 498. Although excel sheets were presented, the data included did not describe the types of services performed, who performed them, or how much time was spent performing specific tasks.

Because Stephen failed to offer sufficient proof establishing the attorney's fees were both reasonable and necessary pursuant to *Rohrmoos*, the trial court abused its discretion by awarding attorney's fees. *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 710 (Tex. 2019) ("Conclusory affidavits containing mere generalities about the fees for working on Nath's frivolous claims are legally insufficient to justify the sanction awarded here."); *Porter v. Porter*, No. 04-20-00229-CV, 2021 WL 2117923, at *4 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.) (finding evidence insufficient to support award of attorney's fees when there was no showing of what specific services were performed, who performed the services, and the amount of time it took them to perform the services); *Schultz v. Schultz*, No. 03-22-00762-CV, 2024 WL 3586020, at *5 (Tex. App.—Austin July 31, 2024, no pet.) (mem. op.) (same).

We sustain Genevieve's first issue.

9

In her second issue, Genevieve similarly asserts the trial court's award of appellate attorney's fees was not supported by sufficient evidence.

An award of conditional appellate attorney's fees is an award of fees that a party is not entitled to recover until an appeal is resolved in that party's favor. *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 116 (Tex. 2018). Because an award of conditional appellate attorney's fees depends on the outcome of the appeal and is not a final award until an appellate court issues its final judgment, the full evidentiary requirements of *Rohrmoos* are not implicated. *See Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). Nevertheless, a party seeking conditional appellate attorney's fees must offer "opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.*; *see Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 WL 317641, at *6 (Tex. App.—Amarillo Jan. 29, 2021, no pet.) (mem. op.).

Here, the only evidence regarding appellate attorney's fees was contained in Brown's final sworn declaration attached to Stephen's motion for sanctions. There, Brown stated that "a reasonable fee award to defend an appeal to the Texas Court of Appeals would be $50,000, an additional $25,000 if (Genevieve) files a petition for review, and an additional $25,000 if the petition is granted by the Texas Supreme Court." Brown did not explain what services he believed would be necessary to defend an appeal, nor did he give any explanation or basis for his estimations on the cost of the appeal. Therefore, there is insufficient evidence to support the award of conditional appellate attorney's fees. *See Gordon v. Gordon*, No. 03-22-00454-CV, 2024 WL 2429995, at *12 (Tex. App.—Austin May 24, 2024, pet. denied) (mem. op.) (holding two lump sums was insufficient to support award of conditional appellate fees when there was no testimony providing detail about any such tasks for an appeal before the appellate court of Texas Supreme

10

Court); *but see Lakeway Psychiatry & Behavioral Health, PLLC v. Brite*, 656 S.W.3d 621, 640 (Tex. App.—El Paso 2022, no pet.) (holding testimony as to the amounts requested for each stage in the appeal with the Court of Appeals and with the Texas Supreme Court, differing between appellate services such as briefing and oral argument, was sufficient evidence to support conditional appellate fees award). We sustain Genevieve's second issue.

### III. REMAINING ISSUES

We address Genevieve's third and fourth issues together. In her third issue, Genevieve posits: "In light of the change of counsel and Roy and Gabel's failures, should the trial court have levied death penalty sanctions against Appellant?" In briefing this issue, Genevieve asserts the trial court "rendered a factually insufficient fee sanction as the result of accident and/or mistake on the part of [Genevieve] and new counsel as well as failure of prior counsel to meet their obligations to their client." She contends that there is no evidence to show Genevieve "caused the allegedly sanctionable conduct." Relying solely on conclusory statements, Genevieve does not clearly articulate an argument in regard to the imposition of death penalty sanctions nor support her presented issue with citations to authority. *Palmer v. Office of the Attorney Gen.*, 656 S.W.3d 640, 644 (Tex. App.—El Paso 2022, no pet.) ("Simply mentioning an issue in passing is not enough to assign that issue for appellate review[ ]"); Tex. R. App. P. 38.1(i) (stating that the "brief must contain a clear and concise argument for contentions made with appropriate citations to authorities and to the record"). We conclude she has not satisfied briefing requirements, thus resulting in a waiver of the issue on appeal. *Palmer*, 656 S.W.3d at 644; Tex. R. App. P. 38.1(i). We overrule her third issue.

Finally, Genvieve's fourth issue asserts that the trial court should not have directed its monetary sanctions against Genevieve but rather should have only been awarded against her

11

attorneys, Roy and Gabel. Having already concluded the award was not supported by legally sufficient evidence, we need not address Genevieve's fourth issue. *See* Tex. R. App. P. 47.1.

## IV. CONCLUSION

We reverse the trial court's award of attorney's fees and remand the case for redetermination of those fees. *Rohrmoos*, 578 S.W.3d at 506. Otherwise, we affirm the remainder of the order.

GINA M. PALAFOX, Justice

April 9, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.